IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ICER OF ARROWHEAD, LLC, *et al.*,

    Plaintiffs,

    v.

TRELLANY DRIVER,

    Defendant.

CIVIL ACTION NO.
1:25-cv-00686-TRJ

## ORDER

This case began as a dispossessory proceeding in the Magistrate Court of Clayton County. (Doc. 3). Defendant Trellany Driver, proceeding *pro se*, removed this action to this Court on February 11, 2025. (Docs. 1, 3) On February 11, 2025, the Magistrate Judge granted Ms. Driver's application to proceed *in forma pauperis*. (Doc. 2). This matter is now before the Court for a frivolity determination under 28 U.S.C. § 1915(e)(2) as well as Ms. Driver's request for a temporary restraining order, preliminary injunction, and permanent injunction. However, after a *sua sponte* review, the Court finds that it lacks subject matter jurisdiction and, therefore, remands this action to Clayton County Magistrate Court.

## DISCUSSION

Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also* FED. R. CIV. P. 12(h)(3). At any time following removal, a "district court may remand a case *sua sponte* for lack of subject matter jurisdiction."

*Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The burden of establishing federal jurisdiction rests with the removing party. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Any doubts about the existence of federal jurisdiction will be resolved in favor of remand. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Though federal courts construe *pro se* filings liberally, a *pro se* litigant still bears the burden of establishing facts which support the existence of federal jurisdiction. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).

### A. Removal of State Court Actions

A defendant may remove a state court action to federal court only where it "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, "absent diversity of citizenship, the only basis for removal is 'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Lindley v. FDIC*, 733 F.3d 1043, 1050 (11th Cir. 2013) (quoting *Caterpillar*, 482 U.S. at 392). This is known as the well-pleaded complaint rule. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). The well-pleaded complaint rule renders "the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 391. This is true "even where a federal claim is also available." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). Thus, when the complaint "allege[s] only state law claims, there is no jurisdiction under the well-pleaded complaint rule." *Conn. State*

*Dental Ass'n*, 591 F.3d at 1343.

To establish federal question jurisdiction under 28 U.S.C. § 1331, the threshold question is whether the claim "arises under" the Constitution, laws, or treaties of the United States. *Riley v. Governor of Fla.*, 742 F. App'x 420, 423 (11th Cir. 2018) (citation omitted). Generally, "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." *Pacheco de Perez*, 139 F.3d at 1373. The existence of federal question jurisdiction depends on the allegations in the *complaint* at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

### B. Ms. Driver's Defenses to Eviction are Insufficient to Confer Federal Jurisdiction.

Ms. Driver seeks to remove a dispossessory action. (Doc. 3). Dispossession is solely a matter of state law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). In her notice of removal, Ms. Driver alleges that ICER of Arrowhead, LLC and R James Properties Inc. (collectively, "Plaintiffs") "did violate 15 USC 1692" and the Due Process Clause of the Fourteenth Amendment by conducting an illegal eviction. (Doc. 3). But Ms. Driver's potential defenses or counterclaims against Plaintiffs cannot be the vehicle for federal question jurisdiction. Federal defenses and counterclaims cannot create federal jurisdiction where, as here, Plaintiffs only seek relief under state law, unless that relief has been completely preempted by federal law or depends on a substantial question of federal law. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002). Neither exception applies here, and this Court lacks federal question jurisdiction.

Ms. Driver also cannot satisfy diversity jurisdiction. First, she cannot demonstrate the amount in controversy is met. *Dhinoja*, 705 F. Supp. 2d at 1382 ("[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."); 28 U.S.C. § 1332. Second, even if diversity jurisdiction did exist, removal in this matter would violate the forum-defendant rule under 28 U.S.C. § 1441(b)(2) because Ms. Driver states that she is a citizen of Georgia on the Civil Cover Sheet. *Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014) (holding that a state-court action that is otherwise removable to federal court solely based on diversity of citizenship is not removable if the defendant is a citizen of the state in which the action was filed). Therefore, the Court also lacks diversity jurisdiction.

## CONCLUSION

For these reasons, this action is **REMANDED** to the Magistrate Court of Clayton County for lack of subject matter jurisdiction. Ms. Driver's request for a temporary restraining order, preliminary injunction, and permanent injunction is **DENIED AS MOOT**. The Clerk is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 7th day of March, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge